## BURKE *vs.* NICHOLS.

The defendant purchased a lot of land of the plaintiff, giving back a mortgage upon the premises, to secure a portion of the purchase money ; and there being, at the time, a dwelling house upon the land, which projected over the adjoining lot, the mortgagor, for the purpose of protecting his title, purchased the adjoining lot. *Held* that upon the mortgagee bringing an action to foreclose the mortgage, the mortgagor could not set up these facts by way of counter-claim, and ask for damages for the portion of the house which stood on the adjoining lot.

THIS was an action for the foreclosure of a mortgage, executed by the defendant to the plaintiff to secure the pay-

Burke *v.* Nichols.

ment of $1500, a portion of the purchase money of a lot of land in the city of New York. The action was referred to a referee, who found the following facts : That the bond and mortgage mentioned in the complaint were executed by the defendant to the plaintiff, to secure part of the consideration money agreed to be paid by the defendant to the plaintiff upon a conveyance thereof by the plaintiff to the defendant, at the time and in the manner mentioned in the pleadings. That such conveyance contained the covenants on the part of the plaintiff to the defendant of seisin, of right to convey, for peaceable possession, against incumbrances, of further assurance and of warranty set forth and stated in the defendant's answer. That the only fact which the defendant offered or sought to prove on the trial, as a defense or counter-claim and as a breach of the covenants of said deed, was that the easterly side of a dwelling house situate upon the front of the lot and premises particularly described by metes and bounds in such deed, and conveyed thereby, projected over upon other adjoining premises about.15 inches, and that a fence by which the premises conveyed by said deed appeared to be separated from said adjoining premises was entirely upon said adjoining lot, and at the distance of four feet six inches easterly from the easterly boundary of the premises as described in said deed. That said adjoining lot or premises was at the time of said conveyance owned in fee by another person ; and that the defendant had been evicted by a paramount title from so much of said house as projected over upon said adjoining lot, and from the entire use and property in said fence standing on said adjoining lot. And the referee found, as matter of law, that the matters so offered to be proved by the defendant constituted no breach of any of the covenants in said deed, and that he was not entitled to recover or be allowed any sum whatever by reason of any of the said matters which he offered to prove as a defense or counter-claim. That he had computed the amount due to the plaintiff on

Burke *v.* Nichols.

said bond and mortgage, and found the sum of sixteen hundred and thirty-six dollars and twenty-five cents.; and that the plaintiff was entitled to a judgment of foreclosure and sale of the mortgaged premises, &c.

*G. P. Androus,* for the appellant.

*C. Patterson,* for the respondent.

*By the Court,* INGRAHAM, J. The defendant was the purchaser from the plaintiff of a lot of ground, and for a part of the consideration money he gave a mortgage thereon. Neither the deed nor the mortgage referred to any building on the premises. There was a house standing on the lot, which projected over the adjoining lot. In consequence thereof the defendant purchased the adjoining lot, and thus became the owner of both lots and of the whole building. The plaintiff now brings an action to foreclose the mortgage, and the defendant sets up, by way of counter-claim, the above facts, on which he asks for damages for the portion of the house which stood on the adjoining lot. On the trial, the referee excluded the evidence offered to prove this counter-claim.

There is no doubt the deed of the lot conveyed every thing standing upon it, whether dwelling or other building, fences, &c., that belonged to the vendor, and if there was any thing attached to the land that belonged to any other person, the vendee could recover damages, under the covenant of seisin. This was settled in the case of *Mott* v. *Palmer,* (1 *Comst.* 564,) but that case goes no further. It does not hold, what is necessary for the defendant's counter-claim, that where a house stands upon two lots, a conveyance of either makes the grantor liable for the value of that portion of the house which stands on the adjoining lot.

There is no doubt that previously to the adoption of the code of procedure, any defect of title, where the purchaser remained

Burke *v.* Nichols.

in possession, could not be set up as a defense to a proceeding to foreclose the mortgage. So far as that matter would be a defense, the law remains unchanged, and it is no more a defense now than it was before the code became a law. The only question, therefore, which can arise, is whether the defendant could set up this matter as the foundation of a counter-claim.

In the *National Fire Ins. Co.* v. *McKay*, (21 *N. Y. Rep.* 191,) Ch. J. Comstock says, that "a defendant who is personally liable for the debt may probably introduce an offset to reduce or extinguish the claim." This was not necessary to the decision of that case, and it does not appear that the other judges concurred in that expression of opinion. As I understand the case, on that point, there was no decision. It can hardly, therefore, be considered as authority, although entitled to great weight.

But whether such counter-claim was admissible or not, the evidence offered did not show any right to recover against the plaintiff therefor. The deed did not purport to convey any building, by description. Whatever right the defendant had to the buildings on the land conveyed, arose from the principle that a man who conveys a lot conveys every thing standing on the lot and being affixed to the freehold. This would give him title to so much of the house as stood on the lot. We have been referred to no authority to show that it gave any thing more. The cases of lights, overhanging gutters, and other matters of a similar nature, do not apply. They rest on a different principle, which cannot be available in this case; and most if not all of the cases arose between vendor and vendee, where the vendor owned both pieces of land.

We think the defendant gained no title to the portion of the house which did not stand on the lot conveyed to him, and that the plaintiff was not liable because part of the house stood on another lot. The clear intent of the deed was not

to convey more than one lot, and the rule of construction of deeds is to carry out the intent of the parties.

The defense was properly excluded, and the judgment should be affirmed.

Judgment affirmed, with costs.

[NEW YORK GENERAL TERM, May 27, 1861. *Clerke, Gould* and *Ingraham,* Justices.]