THE ATTORNEY GENERAL ex rel. HOLTZ and others *vs.* HEISHON.*

1. A charter, giving power to a municipal corporation to ascertain and establish the boundaries of streets, does not thereby give to it power to authorize buildings to be erected within the boundaries of an established street or highway.

2. The remedy at law by indictment, is adequate to remove an encroachment on a public street by erecting a building extending into it. The courts of law are the proper tribunals to settle the fact of encroachment. For such cases, a court of equity will not interfere by injunction, unless under peculiar circumstances of pressing irreparable injury.

*Mr. S. A. Allen,* for relators.

THE CHANCELLOR.

The information is filed to restrain the erection of a building on the north side of Broadway street, in the city of Salem, alleged to project into the street, and to compel the abatement of the part already built. Upon the coming in of the answer the preliminary injunction was dissolved, and the building has been finished. The decree asked for now

* CITED in *Att'y Gen.* v. *Brown,* 9 *C. E. Gr.* 92; *Att'y Gen.* v. *Del. & B. B. R. R. Co.,* 12 *C. E. Gr.* 25, 26.

is, to compel the building to be taken down, so far as it projects into the street.

The Mayor and Common Council of Salem have, by the eighth section of their charter, power, by ordinance, to ascertain and establish the boundaries of all streets in said city, and prevent and remove all encroachments upon said streets. And, by the supplement to their charter, passed in 1860, they have power to appoint commissioners " to lay out, open, widen, alter, and vacate any street in said city."

In September, 1864, they passed an ordinance to fix a line for buildings on the north side of Broadway street, between Star Hall corner and Penn street, which is the place where this building is erected. That ordinance fixed the line twenty feet north of the curb stone, as then laid, and provided that no building should be erected nearer said curb than twenty feet. No means had been taken to ascertain the true line of the street, nor did the ordinance profess to ascertain or establish it; nor had commissioners been appointed to alter the street. Nor did the ordinance give permission to build up to that line.

The defendant, Heishon, placed the front of his building on the line so fixed as the line for buildings.

The Mayor and Common Council, while they have power to ascertain and establish the line of a street, and to alter a street, by pursuing the provisions of their charter, have no power to authorize any one to build within a street, to a line arbitrarily fixed by them. The ordinance fixing a line for buildings is no defence to Heishon, if his building is within the line of the street.

The answer denies that the building is erected within the line of the street. This is the point at issue in the case, and upon which the evidence has been taken by the relators. The relators contend that the building projects fifteen inches into the street at one extremity of the front, and eleven inches at the other. It projects this distance beyond the line of part of the adjoining building of one of the relators, and the line of the front of the building pulled down for its erection,

and which had stood there for more than twenty years. The street had been open to the line of the old building, and the sidewalk paved up to it. It had been open to that line, according to the testimony and recollection of some of the oldest inhabitants, for more than fifty years, and they had considered that line the line of the street. The street was reputed to be one hundred feet wide, and this building encroached upon that width, if the buildings supposed to be landmarks on the other side, were on the true line. The front of the old Star Hall corner, a building which has stood for almost one hundred years on the adjoining lot, and which many old inhabitants suppose to be on the line of the street, is on the line contended for by the relators. These facts are strong to induce me to believe that the true north line of Broadway street is where the relators contend, and that Heishon's building projects into the street.

But, on the other hand, there is no record or survey of the laying out of this street, and no proof of its width. There is no evidence to show that any competent authority has recognized the relators' line as the north side of Broadway. It was open and paved to that line, but there is no proof that the public authorities worked the street up to that line. Any one, for his own convenience, may let a portion of his land, contiguous to the street, lie open ; but unless he permits the public to use and work it as part of the street, it is not conclusive proof of dedication, nor will permissive use for twenty years, in all cases, give a right by prescription.

In this case, the answer denies that this building is within the line of the street, and the municipal authorities have treated the line on which Heishon has built, as the line of the street.

This court has, no doubt, power to cause nuisances to be removed and abated ; nuisances to individuals, on bill, and public nuisances, like this, on information. But it will only exercise that power when the fact of nuisance is beyond doubt, or has been settled by a verdict at law. And where

the nuisance is erected and complete, this court should not interfere without a trial at law, except, perhaps, in cases of irreparable mischief from its continuance, especially when there is a full and complete remedy at law. 2 *Story's Eq. Jur.*, § 924 *a* ; *Attorney General* v. *N. J. R. R. Co.*, 2 *Green's C. R.* 140 ; *Attorney General* v. *Hudson R. R. Co.*, 1 *Stockt.* 560 ; *Allen* v. *Monmouth Freeholders*, 2 *Beas.* 75.

There is in this case, a full and complete remedy at law for the public, by indictment.

The case of *Smith* v. *The State*, 3 *Zab.* 130, is like this. There, Smith was indicted for a like encroachment upon Broadway, in the city of Paterson, and was convicted upon evidence much like that now produced. A writ issued to the sheriff, on the affirmance in the Supreme Court, to abate the nuisance by removing the building at the expense of the defendant. The facts in dispute, in this case, should be determined by a jury ; and if the bill is retained, an issue should be directed, to try the question whether Heishon's building extends beyond the true line of the street.

This is not like the case of a nuisance to the public health, or a nuisance obstructing and delaying public travel on important highways, in which the injury during the proceedings at law would be great and irreparable. The injury to the public, by being shut out from using one foot of a street one hundred feet wide, or to the relators by being deprived of a prospect to that extent, is not of a nature that requires the extraordinary powers of this court to be exercised, when the remedy at law is adequate, but not quite so speedy.

The bill must be dismissed, unless the relators should elect to apply for an issue to try the fact.