JOHN P. WAKEMAN, appellant,

*v.*

THE NEW YORK, LAKE ERIE AND WESTERN RAILROAD COMPANY et al., respondents.

A wrong which is a mere technical invasion of complainant's rights, and does not threaten serious injury, will not lay a ground for a preliminary injunction.

On appeal from a decree of the chancellor, based on the following opinion of Van Fleet, V. C.:

What the complainant really asks in this case is a mandatory injunction.

He has framed his prayer so that if an injunction follows its language, it will be, in form, simply prohibitory, but its effect must be mandatory. It will, in effect, command an affirmative

act to be done, viz., the removal of obstructions from alleged ways.

As a general rule a mandatory injunction will not be ordered except upon final hearing. This rule has a single exception. A mandatory injunction may be ordered on motion and before final hearing, to protect a person in the enjoyment of an easement, or a right of like nature. *Rogers Loco. and Machine Works* v. *Erie Railway Co., 5 C. E. Gr. 379.* But to justify its issuance, even in such cases, the complainant's legal right must be clear and his injury recent. A complainant who asks for an injunction must always show that his right in the subject in dispute has been established by proceedings at law, or that it is free from serious doubt, according to settled legal or equitable principles. *Morris and Essex R. R.* v. *Pruden, 5 C. E. Gr. 530 ; Hackensack Insurance Co.* v. *N. J. Midland R. R. Co., 7 C. E. Gr. 94.*

The complainant in this case grounds his right on an exception contained in a deed made by him to John A. Dix, bearing date March 9th, 1872.

I quote the material part of the exception : " The party of the first part expressly excepts and reserves to himself and Peter Sanford, their heirs and assigns, * * * the right of way to pass over the tracts hereby conveyed, to and from all portions of their respective tracts of land or wharves forever." The lands conveyed lie immediately adjacent to the main track of the Paterson, Newark and New York railroad, and near the passenger and freight depots of that road, in the city of Newark, and were purchased for railroad purposes, and have, since immediately after their purchase, been used as the road-bed for sidings, on which cars not in use have been stored. The defendants have provided the complainant with a convenient way across their tracks—no complaint is made against them on that account —but the complainant claims that by the true construction of the exception he is entitled to as many different ways as may be necessary to the profitable use of his lands.

If such was the meaning of the parties it is evident they have

not expressed themselves with clearness. It seems to me that if there had been a mutual understanding of the character claimed, it would naturally have found expression in the use of words clearly indicating that the complainant should be entitled to several ways, as that he should have the right to pass over all parts of the land conveyed, or as many different ways over it as should be convenient or necessary to the profitable use of his land, or some other form of expression plainly indicating that he was not to be restricted to a single easement.

The complainant's construction is based, exclusively, on the words, " *to and from all portions of their respective tracts of land or wharves.*" But a single way will enable him to pass to and from all portions of his land. Such a construction would, I think, give full effect to every word of the exception.

But a more important fact remains to be considered : A strip twenty feet in width, of the lands conveyed, had, a year or more prior to the date of the deed, been condemned by the railroad company, and its main track was built thereon. Under its charter the railroad company is only obliged to construct a single crossing for each owner over lands condemned. Under such a state of facts, I think it may well be doubted whether, according to the established rules of interpretation, it was possible for the complainant to acquire, by a mere exception, or even a reservation, an additional way over the twenty-foot strip. A doubt on this point is fatal to the complainant's claim.

An injunction must be denied, costs to abide the event of the suit.

*Mr. Joseph Coult,* for appellant.

*Mr. C. Parker,* for respondents.

The opinion of the court was delivered by

BEASLEY, C. J.

The application for an interlocutory injunction was very properly rejected by the vice-chancellor in this case, for not the

slightest ground for such an equity is laid in the bill. Its statements are substantially these: That the complainant was the owner of a tract of land situated in the city of Newark, extending from Passaic street to the Passaic river, and that in the year 1872 the Erie Railway Company desired to have a strip of this tract and of certain lands belonging to one Sandford, for the use of its railroad, and that the complainant conveyed such strip to a person acting in behalf of the said company, and which deed contained the following clause, to wit:

" But the party of the first part expressly excepts and reserves to himself and to Peter Sandford, their heirs and assigns, together with their servants, agents and other persons whom they may designate, the right of way to pass over the tracts hereby conveyed 'to and from all portions of their respective tracts of land or wharves forever, with horses, wagons and other vehicles."

It is then alleged that the rights and obligations inherent in this conveyance have passed from the original grantee to the defendant.

The wrongful acts charged are in substance these: First, in the language of the bill:

" That the said lands, being near the Newark freight and passenger stations of the said company, are used, and since the construction of said tracks across it, have been used by the said company as a storage-yard for its freight cars which are not in use, and that so long as your orator has not needed, either for himself or his tenants, any right of way and passage over and across the said lands, he has allowed the said railroad company to store its cars on the said strip of land without complaint, but that he has never released or in any wise given up his right which he reserved in his deed."

The second and remaining wrong complained of is, that the complainant, having rented a portion of the land which he alleges is entitled to the easement of right of passage over the railroad track, the defendant, on the application of such tenant, " refused to make a crossing at that point," alleging that the complainant had a right only to one crossing, and that such crossing had been made for him.

Upon such a statement of facts as this, upon what imaginable principle is it that a court of equity can be called upon to inter-

fere in a summary way at the threshold of the cause? With regard to the storage of the cars on this part of the railroad track, the complainant does not show that on any single occasion he or his tenants have suffered so much as an inconvenience. To what extent the cars have been stored is not disclosed, and although the complainant says that he himself allowed it to be done without complaint, he does not aver even that he has ever requested their removal. Even on the admission that the respondent's acts in this matter have been wrongful, it plainly does not follow that a preliminary injunction is to be issued. The wrong warranting such judicial action must be of a character which threatens to work an injury, which, in the view of equity, will be irreparable. It is the pressing necessity of the juncture which only will justify the use of what the books call the extraordinary power of the court. Construing the facts connected with this branch of the case most unfavorably to the respondent, they simply show that this company has technically invaded the rights of the complainant. This lays no ground for the application which was rejected by the vice-chancellor.

With regard to the other charge of wrong-doing, consisting of the allegation that the respondent refused to build or make a way over its track for the use of the tenant of the complainant, as such refusal was a mere nonfeasance, even if such conduct was unjustifiable in a legal sense, it cannot be reasonably claimed that it will serve as a foundation for the summary process in question. Obviously, the circumstances are not such as to make the use of a mandatory injunction proper. And independently of this preventive, there are other obstructions to the granting of the order in question, for it would be altogether extravagant to assert that it is clear that this covenant or reservation imposes on the original grantee of the complainant the obligation to build these ways over its road, and also that such obligation ran as a burthen with the land so as to be a charge on this respondent. The injunctive power cannot be called for in order to protect a doubtful right.

The decree should be affirmed.

*Decree unanimously affirmed.*