## MARY C. HARTMAN

*v.*

### FRANK A. POWELL.

[Filed January 14th, 1905.]

When a party, in derogation of the statute of frauds, claims an interest in lands by virtue of a parol permission, relying on which he has placed an improvement on the land, and seeks to restrain the owner from asserting his rights in the land in question, the evidence offered in support of the party's claim must be demonstrative of his right. In this case—*Held,* the evidence presented in support of the complainant's claim is insufficient.

---

On bill, answer and proofs.

The complainant is the owner of a house and lot on the north side of Stevens street, known as No. 579 Stevens street, in the city of Camden.

The defendant is the owner of the adjoining house, on the same street, known as No. 577 Stevens street.

The complainant alleges that, desiring to construct a new porch in front of her dwelling, she had a conference with the defendant, who, she learned, also intended to make alterations to his porch; that the defendant gave her permission to construct a foundation for a porch column for the space of six and one-half inches on his property and to construct thereon a column for her porch; that, in pursuance of said permission, and in exactly the location pointed out by the defendant, she constructed and located the foundation and column for her porch.

The complainant alleges that her pier and porch column were so erected about the 12th of May, 1903; and that the defendant never objected to the plan of the column, nor to the location of the column and the foundation under the same— six and one-half inches on the defendant's property—until about the 2d of April, 1904, when he told the complainant that he had changed his mind on the subject and desired the complainant to remove the column and foundation which she had constructed on his property with his permission.

The complainant further alleges that, having been put to great expense in the premises, and being required to go to still further expense if she should arrange for a new porch, she declined to accede to the complainant's request. That he thereupon threatens, as he is arranging to build his own porch, that he will tear down the column and foundation under the same, which the complainant built to the distance of six and one-half inches on his (the defendant's) property.

This tearing down, the complainant insists, will cause an irreparable injury to her in the enjoyment of her premises, and she prays that the defendant may discover whether he did not consent to the placing of said column and foundation on his property in the location where it now is, and that he may be restrained from revoking his license and permission to the complainant to erect that column and foundation in its present location.

The defendant answers the bill of complaint, denying that he gave any such permission or license as is set up in complainant's bill; and that he ever gave the complainant permission to use

any portion of his (defendant's) lands for a pier, and alleging, touching the matter in question, that the first intimation he had that the complainant was about to use any portion of his land was when her contractor, John J. Welsh, had the pier about half built; that the defendant then asked Welsh what he meant by using his land; that Welsh said that he would construct the pier so that the joint owners of 577 and 579 Stevens street could both use it, and that he would erect on the pier a column ten inches in diameter for the joint use of both properties; that the defendant assented to this and allowed the pier, partly erected on his land, to be completed. The defendant insists that the complainant and her contractor did not carry out the above stated agreement, but placed on the pier a column only eight inches in diameter, which the defendant cannot use.

The defendant further says that lately, to carry out his own plans, he began the erection of a new porch on his property and informed the complainant that he would move the pier and column in question from his land to the complainant's land without any cost to her and without impairing the substantiality, usefulness or symmetry of her porch; but the complainant refused to allow the defendant to move the said pier and column or in anywise to use his own lands on which the pier is erected.

Issue was joined on these pleadings and the cause was heard on its merits.

*Mr. William T. Boyle* and *Mr. Henry S. Scovel,* for the complainant.

*Mr. William J. Kraft* and *Mr. Howard Carrow,* for the defendant.

GREY, V. C.

There can be no question, I think, that the right to erect and maintain a pier and column for her own benefit upon the property of the defendant, which the complainant asserts in this suit, is such an interest in lands as the statute of frauds re-

quires to be in writing. She claims a right permanently to occupy and use the defendant's lands and to exclude him from any enjoyment or use of the same. The terms of that statute declare that the force and effect of a parol agreement, creating an interest in lands, shall be to pass an estate at will only, whether it be asserted in law or in equity. Courts of equity have, however, in certain special cases, given relief against the operation of that statute, usually for the enforcement of the declared purpose of that act, as a statute to prevent frauds. Bills filed by a party who has performed his side of a parol bargain for the conveyance of lands to compel the other party specifically to perform the parol agreement, and other cases, where the enforcement of the statute will itself operate as a fraud, are within this class.

In this state the court of errors and appeals has, with respect to this section of the statute of frauds, declared that in all cases in which any court has validated parol contracts passing an interest in land, the contract itself has been required to be proved to the point of demonstration. *Lawrence* v. *Springer, 49 N. J. Eq. (4 Dick.) 297; Barbour* v. *Barbour, 51 N. J. Eq. (6 Dick.) 267.*

It is proper, therefore, in this suit, in which the complainant's asserted right is in direct contravention of the statute of frauds, to inquire whether the complainant presents such a case as under these decisions amounts to a demonstration of her equity.

It should be noticed that the complainant, when stating in her bill of complaint, the permission, which she says she obtained from the defendant, to locate her pier and porch in part on the defendant's property, does not allege that there was any contract whereby it was agreed that she should erect the pier and column in part on the defendant's property in order that he (if he should subsequently build a porch) might connect with it and so use it as a post of his own porch.

As the complainant in her pleading narrates the transaction, what she obtained from the defendant was a simple permission to use his land in the manner indicated, without any agreement

that any corresponding benefit should come to the defendant because thereof.

The complainant was herself called as a witness on the trial of the cause. Nothing in her testimony shows anything in the nature of any contract, either in writing or by parol, whereby it was agreed that she should erect the pier and column (now in dispute) on part of the defendant's property, and that he in consideration thereof might have the use of the column when he improved his own property.

The defendant gives a very different account of the matter. He testifies that the pier was located on his land without any permission whatever; that he afterwards assented to this upon an agreement that the column to be erected on the pier located on this property should be of certain dimensions, and that he should have the benefit of the use of it when he improved his own property. He insists that the complainant broke this contract by constructing on the pier a column which was so much less in diameter than that which had been agreed upon that it was and is useless to him in the improvement which he is about to make on his own premises.

The testimony of the defendant is that Mr. Welsh, the complainant's builder, with the complainant's approval, located the pier for a distance of six and one-half or more inches on the defendant's land, without any permission from the defendant and without his knowledge; that when the defendant first saw it there the pier was actually erected about half way up. The testimony of Mr. Welsh, though he was called as a witness for the complainant, goes to corroborate this statement of the defendant that the intrusion upon his property preceded his permission to locate the pier there, and that his assent was afterwards given upon the condition which he claims.

This aspect of the transaction is directly contradictory of the complainant's claim, negatives her assertion of permission before entry on the defendant's property, and introduces the element of an agreement for a consideration which should proceed to the defendant for the use of his land. It is much more probable that such a transaction would have resulted in such an agreement than that the defendant would, without any benefit re-

served to himself, have agreed to permit the complainant to exclusively occupy his land, which he shortly expected to use for the improvement of his own front.

The other testimony in the case tends rather to confirm than to refute the defendant's claim.

There is some attempt to deny that the defendant imposed as a condition of his assent a requirement that the column to be placed on the pier should be of certain dimensions, but I think the weight of the testimony indicates that he did in truth impose such a condition. The complainant's counsel insists that even if the defendant did not give permission for the location of the pier on his land previously to its erection, yet he afterwards assented to that location, and that his objection to the dimensions of the column placed by the complainant on the pier can be of no avail to the defendant because he "stood by" and saw that column erected without protest.

I am not satisfied by the evidence that the defendant did not protest against the construction of the smaller column. I think it is shown that the complainant agreed through her builder, Mr. Welsh (to whom the permission was given), to construct the column of a certain size, and to permit the defendant to use it when he should make his own improvement. It was her duty to comply with that agreement.

The defendant cannot, on the evidence in this case, be placed in the position of one who "stands by." This is not a case where the complainant acted in ignorance of the defendant's title, or in any way directly or indirectly at his invitation. The complainant, by locating the pier on the defendant's property without obtaining his previous permission, committed a voluntary and intentional trespass upon the defendant's property. She was forgiven on certain terms. These she did not perform, and she cannot assert that the failure of the defendant (if he did fail, though I find he did not) to protest against her omission to perform these conditions was a "standing by" which precludes him from enforcing his legal rights.

There is in this case no element of mistake on the part of complainant in locating her pier on the defendant's land. That was done knowingly and intentionally by the complainant and her

employe. Neither is there in this case, as it is presented by the complainant, any element of contract whereby any beneficial consideration should proceed to the defendant for the use of his land. It is the defendant who successfully sets up such a contract and shows the breach of it. The weight and credibility of the testimony inclines me, as above indicated, to accept the defendant's statement of the transaction involved, rather than the complainant's.

The complainant invites my attention to the cases of *Morton* v. *Morton, 47 N. J. Eq. (2 Dick.) 163,* and *Van Horn* v. *Clark, 56 N. J. Eq. (11 Dick.) 476,* insisting that those cases maintain the complainant's claim that this court will protect a possession taken in another's lands where a parol permission there to locate an improvement has been given by the owner and the money of the licensee has been expended on the faith of the parol permission.

It will be found, upon examination, that in those cases there was presented that degree of certainty of proof which was declared by the court of errors and appeals, in *Lawrence* v. *Springer, ubi supra,* to be necessary to be shown in order to relieve against the operation of the statute of frauds. The court, in both those cases, was of the opinion that the agreement sought to be enforced was established by the evidence.

In the present case the tendency of the proofs is to refute the complainant's claim. It is an instance illustrating the wisdom of the statute in requiring such creations of interest in land to be in writing, and not an exhibition of a situation wherein the enforcement of the terms of the statute will operate as a fraud upon the complainant, for whatever view may be taken of the contradictory evidence touching the parol permission sought to be validated by the bill of complaint, there can, I think, be no question that the standard of proof required by the court of errors and appeals cases above cited, in order to avoid the prohibition of the statute of frauds, has not been satisfied.

The evidence in support of the complainant's claim cannot be said to be of a demonstrative character.

The bill of complaint should be dismissed, with costs.