MAGNOLIA CONSTRUCTION COMPANY, complainant,

*v.*

EDWARD McQUILLAN, defendant.

[Decided February 15th, 1923.]

1. Where complainant's building encroaches on lands of defendant, to entitle complainant to the benefit of an estoppel against defendant, it must appear that defendant, through some act done, or statement made by him, or by his silence when he should have spoken, influenced complainant to believe that it was building on its true property line and that complainant acted upon a belief created by defendant.— *Held*, that because complainant erected its building upon a property line fixed by its surveyor and defendant's acquiescence in such line followed from what complainant told him and defendant was unaware that such line was not the true dividing line between the property of complainant and defendant, no estoppel will operate in favor of complainant.

2. Equity will give relief against the statute of frauds which requires that a license to build on another's land shall be in writing, to prevent a fraud, but such relief will be granted only when the parol license to build is proved to the point of demonstration. An implied license is insufficient.

3. Where the mistake as to the property line arose from an error made by complainant's surveyor, and defendant was misled by such surveyor into believing that the line upon which complainant proposed to build was the true line and defendant did not know to the contrary, equity will not compel defendant to release to complainant so much of his land as is covered by the encroachment of complainant's building.

On bill, &c.

*Messrs. Gross & Gross,* for the complainant.

*Messrs. Collins & Corbin,* for the defendant.

FIELDER, V. C.

Complainant acquired title to a vacant plot of land on the southeasterly side of Waldo avenue, near Newark avenue, in

Jersey City, upon which it subsequently erected a four-story brick and stone apartment-house. Complainant employed an experienced surveyor to make a survey of its plot and to stake and otherwise mark the lines thereof and thereafter it constructed the northeasterly foundation wall of its building up to and along the line designated and marked by its surveyor as its northeasterly property line and erected and completed its apartment-house on such foundation. A subsequent survey made by the same surveyor shows the apartment-house wholly within complainant's property lines. Defendant owns a lot immediately adjoining on the northeast, which, except for a shed thereon, is vacant, and shortly after complainant's building was completed he caused his lot to be surveyed by another experienced surveyor, from which survey it appears that the northeasterly wall of complainant's apartment-house encroaches on defendant's lot at several points, varying from one and twenty-nine hundredths feet at the most northerly corner of the house to thirty-six hundredths of a foot at the most easterly corner thereof. Negotiations between the parties for a settlement failed and defendant commenced an action in ejectment against complainant, whereupon complainant filed its bill in this court praying that defendant be restrained from proceeding with his suit at law and from bringing any other action against complainant for the recovery of the lands upon which complainant's building stands, and further praying that the northeasterly, or outside line of the wall of complainant's apartment-house, continued in a straight line to the rear of its plot, be fixed and established as the boundary line between the lands of the parties.

The first question to be determined is as to the true location of that boundary line and the testimony of the two surveyors is all the evidence on the subject. As to this evidence, I think it sufficient to say that complainant's surveyor established such boundary line by measuring a distance from the line of Newark avenue, which latter line is not monumented, and that he accepted the line of Newark avenue as built on as the true and recognized line of that avenue and

used the buildings on Newark avenue as monuments from which to measure the distance from the line of Newark avenue to complainant's lands given in complainant's deed. The deed to complainant, besides stating that distance, also fixes complainant's property lines with reference to other old and established property lines, all of which can be located definitely from fixed and accepted monuments and from old maps on file in the Hudson county register's office, but complainant's surveyor failed to make use of such old property lines, monuments and filed maps, and seems to have relied wholly on the line of the buildings on Newark avenue as the true line of that avenue and to have taken his measurements with reference to that line only. Defendant's surveyor, however, used the data I have mentioned and he finds that the buildings on Newark avenue encroach on that avenue, and that those buildings, therefore, do not mark the true line of Newark avenue, and that complainant's property cannot be accurately located and staked out by measurements taken from the building line of Newark avenue. I find as a fact that complainant's survey was incorrect, and that its building encroaches on defendant's lot to the extent above mentioned and as shown by defendant's survey.

Complainant contends that because defendant assisted in fixing the dividing line between their properties and acquiesced in the location of that line he misled complainant into believing that the line upon which complainant erected its building was the true dividing line between them, and because defendant stood by and saw complainant erect its building on such line, without objection, defendant is now estopped from asserting his rights to so much of his land as is found to be covered by complainant's building. No actual fraud is alleged, nor is it pretended that complainant informed defendant that it intended to build on defendant's land, or that defendant gave complainant express consent to so build. The facts upon which complainant must base its contention are that when defendant bought his lot there was no fence separating it from the adjoining plot, and that defendant did not then cause his lot to be surveyed, but erected

a fence and shed on what he guessed to be his southwesterly line; that complainant afterward acquired title to the adjoining plot and had a survey thereof made, and when complainant was ready to start its foundation, one of its officers showed defendant the line marks made by its surveyor and told defendant that his fence and shed encroached on complainant's plot and requested defendant to remove them; that because defendant had erected his fence and shed without the aid of a survey, and because complainant had caused its property to be surveyed, defendant thought complainant's surveyor was right and he moved his shed and took down his fence; that later, defendant assisted complainant's workmen to stretch a line, by holding one end at a crow-foot mark made on the sidewalk by complainant's surveyor, while the other end was held by one of complainant's employes at the surveyor's stake which purported to mark complainant's rear line, and that defendant's business took him to the locality almost daily and he saw the foundation wall laid and the apartment-house erected on that line and made no objection; that some time after the building was completed and occupied, defendant caused his lot to be surveyed and then, for the first time, discovered that complainant's building was actually on his lot, and that he then informed complainant of the facts shown by his survey.

To entitle complainant to the benefit of an estoppel against defendant, it must appear that defendant, through some act done, or statement made by him, or by his silence when he should have spoken, influenced complainant to believe that it was building on its true property line and that complainant acted on a belief created by defendant. In this case both parties acted in ignorance of the actual facts, and what defendant did and said was induced by complainant's statement that a survey had been made and that the line upon which it desired to build had been fixed by its surveyor. In fact, complainant had better opportunity than defendant to know the true situation because of its survey, and it was the result of its own act and opinion that it built on the line fixed by its surveyor and not because of anything defendant said

or did.   Defendant did not know the true line, but accepted what complainant pointed out as the true line, and what he did was not with the intention of influencing complainant but rather his acquiescence in the line followed from what complainant told him.   Under these circumstances there is no estoppel to operate in favor of complainant.   *Mutual Life Insurance Co.* v. *Norris, 31 N. J. Eq. 583; Sumner* v. *Seaton, 47 N. J. Eq. 103; Perkins* v. *Moorestown Co., 48 N. J. Eq. 499.*

Nor can complainant claim to hold the land in question by virtue of a parol license from defendant, because such claim would be to an interest in land which, under the statute of frauds, must be evidenced by a writing.   It is true that in certain special cases a court of equity will give relief against the operation of the statute, for the purpose of preventing a fraud, but in all such cases in which a parol contract, passing an interest in land, has been validated, the contract itself has been required to be proved to the point of demonstration. In the instant case there is no evidence of an actual license granted by defendant to complainant, and the most that can be inferred from defendant's acts is an implied license, and that is not sufficient.   *Lawrence* v. *Springer, 49 N. J. Eq. 289; Hartman* v. *Powell, 68 N. J. Eq. 299, 800.*

Finally, complainant contends that if part of its building encroaches upon defendant's land, such encroachment is the result of a mistake in which both parties participated, and that under the circumstances this court should require defendant to release to complainant so much of his land as is covered by the encroachment for a consideration to be fixed by this court and paid by complainant, and complainant cites *McKelway* v. *Armour, 10 N. J. Eq. 115,* as authority for its contention.   In the instant case the mistake as to the location of the line in question originated with complainant and was based on supposed facts shown by a survey procured by it.   Its officers showed defendant the surveyor's marks and pointed out a line which such officers asserted was its line, and defendant, ignorant of the true facts and being misled by complainant into believing that the line upon which com-

plainant proposed to build was the true line, was in no position to register any objection, and, therefore, acquiesced. I do not think that a property owner who sees his adjoining neighbor about to build and also sees, or is assured, that the dividing line between them has been established by his neighbor's surveyor, is bound to procure a survey of his own, under penalty of being compelled to give a part of his land to his neighbor at a price to be fixed by a court, in case it is subsequently ascertained that the neighbor made a mistake, and I am therefore unwilling to subscribe to the contention made by complainant in this regard. *Haggerty* v. *McCanna, 25 N. J. Eq. 48; Kirchner* v. *Miller, 39 N. J. Eq. 355.*

In his counter-claim defendant alleges that after the encroachment in question was discovered, the parties entered into an agreement in writing touching the occupancy of defendant's land by complainant's building, which agreement defendant prays may be established as a lost instrument and enforced. After the parties had negotiated for a settlement of their differences, defendant's solicitors attempted to put into writing the terms of an agreement and sent or delivered such writing to complainant's solicitors. I am not satisfied from the evidence that the minds of the parties had met on the terms, or that the agreement was signed by defendant, or that complainant's board of directors had authorized its execution by complainant's officers; neither do I find any evidence of delivery of such an agreement by complainant.

The bill of complaint and the counter-claim will be dismissed.