This is a bill filed by the complainant against the defendants for mandatory injunction restraining the defendants *Page 209 
from using the complainant's westerly wall as their easterly wall, and from continuing to permit the roof-beams and walls of said building to encroach upon complainant's property.
This matter has been in the courts for some time, and was carried from the first district court of Newark to the New Jersey supreme court, and thence to the court of errors and appeals. This court, speaking through Mr. Justice Minturn (1 N.J. Adv. R.1502), has stated the facts in regard to the matter very fully, and I quote Mr. Justice Minturn's opinion, which clearly sets forth the facts:
"One Meyer had title to the lot with the building thereon [now property of complainant]. Adjoining his lot on the west [now property of defendants], upon the premises No. 304 Market street, existed some indefinable structures which the brief denominates `shacks,' the property of Samuel R. and William A. Baker. Meyer contracted with the Bakers, on April 22d 1912, for the construction of a theatre building on their lot No. 304 Market street, and in the agreement conceded to the Bakers the right to use the westerly wall upon No. 306 Market street `as long as the building about to be erected was in existence,' and `as long as said building should stand on said property, of the said last-mentioned [Bakers] persons.' The agreement having been duly recorded, the proposed structure was erected, and the parties entered into possession in accordance with the provisions of the agreement.
"The erection of the building required the extension of the roof-beams into the walls of the existing building on No. 306 Market street, to a depth of about six inches, and to a height of about eight inches, upon a base of concrete, which formed a solid slab running across and used as the roof and ceiling for the new structure, thus practically creating one structure of the two adjoining buildings. In effectuating this agreement and prosecuting the work thereunder, the parties had, unfortunately, overlooked the rights of an existing mortgagee, and hence the present controversy. *Page 210 
"Prior to the execution of the agreement, and on June 25th, 1907, the premises, No. 306 Market street, had been mortgaged to Rachel A. Cartright, whose executrix in January, 1917 filed a bill to foreclose the mortgage, naming, inter alia, as defendants the two Bakers, and their wives, for the purpose of eliminating the easement in question. In due course a sheriff's sale was had, and the property, No. 306 Market street, was purchased by this plaintiff. [Property was not purchased at the sale by complainant, but by complainant's predecessor in title.] Thereafter the defendants purchased the property, No. 304 Market street, and then the trouble began. The plaintiff insisted upon the removal of the roof-beams from the wall, and the defendants failing to accommodate him in that respect, this suit was instituted to establish his unqualified rights in the locus inquo. The court found these facts substantially as stated, and the supreme court affirmed the judgment, holding that `the right to continue the beams in the plaintiff's building was cut off by the foreclosure of the mortgage, and the beams remaining constitute a trespass.'
"The substantial question presented is whether the defendants, under the agreement and conduct of their predecessor in title, possess any right or title as claimant under the easement thus established, which can be said to be superior to the lien of an existing mortgage, whose lien or title has not been released or qualified in any way by the agreements referred to.
"The defendants' predecessor in title possessed an easement in the wall of No. 306 Market street, enforceable between the parties to the contract, but in nowise affecting the contractual rights of the parties to an anterior duly recorded mortgage.Mount v. Manhattan Co., 43 N.J. Eq. 26; affirmed, 44 N.J. Eq. 297.
"The foreclosure of the mortgage vested in the purchaser at the sheriff's sale a legal right to possess the property free and clear of the encumbrances imposed upon it by subsequent purchasers, who are made parties to the foreclosure. *Page 211 Wimpfheimer v. Prudential Insurance Co., 56 N.J. Eq. 586;19 R.C.L. 625, and cases.
"The plaintiff being the legal owner of the premises, and in possession thereof, was in a position to bring trespass for damages for an invasion of his property right, and, incidentally, to establish his title to the locus in quo by such method of procedure. Trainor v. Wolff, 58 N.J. Law 381; 26 R.C.L. 939,
and cases.
"The judgment appealed from will therefore be affirmed."
One additional circumstance should be referred to. Prior to the time when defendants acquired title to their property, complainant stated to them the situation which existed with respect to the wall. Defendants called the attention of the vendors to this fact, and as a result received an allowance, on the sale price, of $2,000.
The court of errors and appeals having determined in the suit at law that the defendants have a legal right to possess the property free and clear from the encumbrances imposed upon it, I cannot see how this court can do anything except issue the injunction requested.
The defendants argue that it would be a very difficult matter to remedy the conditions as they now exist, but the testimony shows that these conditions can be remedied, but that it will cost in the neighborhood of $3,500 to do it. The defendants contend that this court should not issue an injunction unless there will be irreparable loss by failure to do so.
With these encroachments unremoved, I think a cloud would be cast upon the marketable title of complainant's property, and I further believe that the damages resulting therefrom cannot be readily ascertainable in a court of law. One prospective purchaser might be willing to take the title at a reasonable price with the encroachments. On the other hand, another might refuse altogether. This, it seems to me, creates irreparable damage, which should be enjoined by the court. The case ofHirschberg v. Flusser, 87 N.J. Eq. 588. seems to be in point. In that case it was held that where the injury was irreparable this court will enjoin continuous trespasses. *Page 212 
I am of the opinion that the legal rights of the parties having been settled by a decision of the court of errors and appeals, that repeated actions for trespass will not give the complainant his proper remedy, and that the only relief he has is by the injunction asked for, which I will grant in accordance with the prayer of the bill.