This is a bill for a mandatory injunction, restraining defendant from continuing certain encroachments upon the lands of the respective complainants. It is admitted that the defendant has erected buildings which encroach upon complainants' property.
Defendant alleges that when the cellar was excavated for one building it was found that the proposed building would encroach on land of complainant Petrucellis, and that thereupon Petrucellis gave oral permission to defendant to proceed. This Petrucellis denies. Defendant also alleges that when the other building was about five feet above the ground it was found that it encroached upon land of complainant Capone, whereupon Capone gave oral permission to proceed. This Capone denies, and both complainants insist that their *Page 628 
first knowledge of the encroachments was when a building and loan association refused defendant a loan on account of the encroachments, and he came to them to endeavor to acquire their land upon which he had built.
It is well settled in this state that the erection of structures on the land of another is such an interest in lands as the statute of frauds requires to be in writing. Hartman v.Powell, 68 N.J. Eq. 293. In the case of Hetfield v. CentralRailroad Co., 29 N.J. Law 571, the court of errors and appeals held: "A license to enter upon land not coupled with an interest in the premises may be revoked at the will of the party granting it. A right to come upon land of another and remain for an indefinite time can be granted only by deed, and where the license is by parol it may be revoked at any time even if money be paid for it, and expense incurred in erecting buildings or other permanent improvements upon it." See, also, Johanson v.Atlantic City Railroad Co., 73 N.J. Law 767.
There are some cases in which our courts have validated parol contracts regarding interests in land, but as Vice-Chancellor Grey said in Hartman v. Powell, supra: "In this state the court or errors and appeals has, with regard to this section of the statute of frauds, declared that in all cases in which any court has validated parol contracts passing an interest in land the contract itself has been required to be proved to the point of demonstration." Lawrence v. Springer, 49 N.J. Eq. 297.Barbour v. Barbour, 51 N.J. Eq. 267.
That is far from being the situation in the cases now before me. Defendant alleges a parol agreement, corroborated only by his own agent, the architect, which the complainants emphatically deny. From the attitude of the witnesses on the stand I am inclined to believe the complainants' story, but, at all events, the parol agreement has not been proved "to the point of demonstration."
Equity will enjoin continuous trespass where the injury is irreparable. Hirschberg v. Flusser, 87 N.J. Eq. 588.
I have no doubt that these encroachments constitute an irreparable injury. I discussed this matter in the case of *Page 629 Krich v. Zemel, 96 N.J. Eq. 208. The fact that there are admittedly encroachments on complainants' land detracts from the marketability of the property, and until removed are a cloud upon the title. Defendant himself failed to obtain a loan on his houses because they were partly on complainants' land. Doubtless, complainants would find the same difficulty, should they wish to sell or mortgage.
I will advise a decree allowing the injunction prayed for.