The bill is to restrain the execution of a judgment in ejectment, the result of which would be to tear down the southerly wall of the dwelling of the complainant Fannie Dorfman, at 85 Goodwin avenue, Newark, which stands over in defendant's yard ninety-two hundredths of a foot at the street line, *Page 493 
extending back fifty-three feet, where the encroachment is one and four-hundredths of a foot. The complainant holds title from one Kaplan, who built the house in 1923. He, at the same time, built two others on the two adjoining lots on the north, and each encroaches approximately to the same extent on the lots to the south. Before building, Kaplan had the lots surveyed and the house on the lot in question was put within the line of the survey. At that time the defendants lived next door, saw the erection going on and made no objection. Kaplan and the defendants were of the belief that the house was within his lot. They all were ignorant of the true situaiton. The complainant purchased, laboring under the same mistaken notion. Two years later the defendants discovered the mistake and sued in ejectment and recovered. A preliminary injunction to restrain the execution of the judgment was granted. The complainant is entitled to relief upon terms. The case is controlled by McKelway v.Armour, 10 N.J. Eq. 115, where the complainant built on the wrong lot, and by Magnolia Construction Co. v. McQuillan,94 N.J. Eq. 342, where the complainant's apartment house enchoached on the neighboring lot a few feet. These cases are not distinguishable in principle from the one in hand because in the first the house was built entirely on the defendant's lot and in the other the defendant, under the impression that the complainant's survey was correct, moved his fence to accommodate the structure and helped in the measurements. The incidents in the latter case were alluded to by the court as evidence of the defendant's mistaken belief, not as exculpating circumstances. Both cases were decided solely on the equities resulting from mutually mistaken state of mind. In Kirchner v. Miller,39 N.J. Eq. 355, relief on the ground of mutual mistake was denied because the complainant would suffer no hardship in being required to tear down and reconstruct an encroaching wooden structure at a cost of $100. The opinion criticised McKelway v.Armour as penalizing an innocent owner out of his property. A guilty owner would be estopped because of his fraud, not mutual mistake. That equity will relieve from the consequences of a mutual mistake is established law in this state, and the doctrine is recognized in the Kirchner Case. *Page 494 
The defendant will be decreed to convey the strip by a bargain and sale deed upon the payment of the value of the land, which was agreed in open court to be $125, and the costs of the ejectment suit, including a trial fee in that suit of $100.
Kaplan, the complainant's grantor, is a defendant, and the complainant calls upon him for reimbursement of the award. The bill alleges that he conveyed by warranty deed. There is no allegation of the breach of any covenant, but it is argued that the covenant of seizin and the one against encumbrances was breached. That the house stands in part on the adjoining lot is not a breach of the covenant of seizin. Burke v. Nichols, 34Barb. 430; affirmed, 2 Keyes (N.Y.) 670. The encroachment of the house on the adjoining land is not a breach of the covenant against encumbrances. Murphy v. Skelley, 101 N.J. Eq. 793.
In the brief the complainant relies on the stipulation in the contract of sale between Kaplan and Dorfman which reads that "it is understood and agreed that the buildings upon said premises are all within the boundary lines of the property as described in the deed therefor and that there are no encroachments thereon." This, of course, cannot be entertained. No issue is made of it in the pleadings and consequently it is not decided whether it is an independent covenant or is merged in the deed. Long v.Hartwell, 34 N.J. Law 116; Merchants, c., Co. v. MercerRealty Co., 99 N.J. Law 442.
Neither party is entitled to costs.