The complainant and the defendant Infantino own adjoining properties on Jefferson street, in the city of Newark. The complainant acquired her property from one Gaetano Iuliano by deed dated May 29th, 1925, and recorded June 8th, 1925. The defendant acquired his property by sheriff's deed dated May 4th, 1926, and recorded June 15th, 1926. The sheriff's deed conveyed the land therein described subject to an easement agreement between the complainant and her brother, Dr. Belott, the former owner of the defendants' property. At the date of the sheriff's deed the north wall of the two-story brick building on the lot thereby conveyed encroached upon the lands subject to the easement the full length of the building, varying from twenty-four one-hundreds *Page 521 
of a foot to twenty-nine one-hundredths of a foot. Also a garage on the rear of the lot encroached on the lands owned by the complainant in fee from one and three-quarters to two and one-quarter inches. The defendant built the house and garage in 1925 for Dr. Belott at the location fixed by Dr. Belott and his architect. The sheriff's deed was made pursuant to a sale under an execution on a mechanics' lien judgment obtained by the defendant. The bill seeks a mandatory injunction to compel the defendant to remove the encroachments complained of and complainant thus seeks to enforce her rights in a manner not attainable by legal procedure. Both the existence of an easement and the encroachment thereon, as well as the encroachment of the garage at the rear of the complainant's premises, are admitted. No suit at law to establish these facts is therefore necessary.Union Trust Co. v. Goerke Co., 103 N.J. Eq. 159. That this court has jurisdiction over this cause and that a mandatory injunction might issue under proper circumstances is indicated byHirschberg v. Flusser, 87 N.J. Eq. 588; Krich v. Zemel,96 N.J. Eq. 208; Capone v. Ranzulli, 99 N.J. Eq. 627, and UnionTrust Co. v. Goerke Co., supra. When the complainant and her brother, Dr. Belott, acquired title to their respective lots they were both subject to the easement of a drive eight or eight and one-half feet wide, one-half of which was on each of the respective lots. When Dr. Belott began the construction of his building he discovered that he did not have sufficient land for his purposes and a written agreement was entered into between him and the complainant whereby the width of said driveway was reduced to seven feet, and the complainant conveyed and released to Dr. Belott a strip of land one and one-half feet in width and seventy-seven and fifteen hundredths feet in length along the southerly side of said driveway extending from the street toward the rear of the lot, in consideration of which Dr. Belott conveyed to the complainant a strip of land two feet wide and twenty feet in depth at the rear of his lot, thus making the complainant's lot two feet wider on the rear and the defendants' lot one *Page 522 
foot six inches wider in front. This agreement was executed on August 12th, 1925, and recorded August 19th, 1925. At the time of its execution the defendant had already begun his construction work under his contract with Dr. Belott, and claims that the foundation of the offending wall had already been laid. The complainant claims that while the excavation for the foundation walls had been completed and the foundation for the walls on the other three sides of the building had been laid, nothing had been done toward the erection of the north wall at this time. I am inclined to believe that all the foundation walls were erected at the same time. There was no reason, so far as the contractor was concerned, for delaying the construction of any one wall beyond the time of the construction of the others. The defendant had no knowledge of the negotiations between the complainant and her brother. In these negotiations and all transactions connected with this matter, the complainant was represented by her husband, who is a member of the bar of this state and who prepared the easement agreement in question. It is conceded that complainant is bound by anything that he did or by whatever notice he had, and it is admitted that complainant's husband passed this property almost daily during the course of the construction work and noted its progress. The complainant says she first learned of the encroachment in April, 1926, when her husband told her about it. She started to build her own home then and her husband had charge of that work. He then had a surveyor locate the property lines and found the encroachment as it now exists. The house and garage causing these encroachments were then fully completed and the driveway had been paved. Undoubtedly the complainant's rights are invaded, even though she is deprived of the use of but a few inches of the easement, but this is a mere technical invasion not resulting in serious injury for which an injunction should issue.Wakeman v. New York, Lake Erie and Western Railroad, 35 N.J. Eq. 496,500. The purpose of the right of way was to allow free ingress and egress to a garage in the rear of complainant's property. So long as this purpose is not seriously interfered *Page 523 
with I cannot see how it could be said that the damages resulting from the encroachment are irreparable. Complainant's husband says that he cannot drive over this right-of-way without injuring the hub caps of his automobile. It appears, however, that the complainant has erected on that portion of the driveway next to her house, a concrete curb five or six inches in width, the effect of which is to further narrow the right-of-way. If this curb were removed it is obvious that the driveway would be less difficult of ingress and egress. Where the easement is not seriously impaired by obstructions courts of equity hesitate to interfere. Thompson v. Ocean City Railroad Co.,37 Atl. Rep. 129, and especially is this so where the relief prayed for is by mandatory injunction. It is obvious that to grant the relief prayed for here by the complainant, in so far as the encroachment on the driveway is concerned, would necessitate the tearing down of the north wall of the defendants' building. This would plainly be a great hardship to him, without corresponding benefit to the complainant. In Morris and Essex Railroad Co. v. Prudden,20 N.J. Eq. 530, it was held that an injunction ought not to be granted when the benefit secured by it to one party is but of little importance, while it will operate oppressively and to the great annoyance and injury of the other party, unless the wrong complained of is so wanton and unprovoked in its character as properly to deprive the wrong-doer of the benefit of any consideration as to its injurious consequences. The injury suffered by the complainant here is not irreparable, but consists merely of an inconvenience resulting from the driveway being about three inches narrower than it would be without the encroachment, but not sufficiently narrow to prevent its use for the purpose intended; and the defendant is not guilty of any wanton or inequitable conduct. Dorfman v. Lieb, 102 N.J. Eq. 492,
decided by Vice-Chancellor Backes and recently affirmed by the court of errors and appeals, was a case very similar in fact and principle to this one. It was there held that where a building encroached slightly on another's land as the result of a mutual mistake as to the true survey, execution *Page 524 
of a judgment in ejectment would be restrained upon conveyance of the land encroached upon and payment of the reasonable value thereof. The encroachment there was about one foot in width. In that case, Vice-Chancellor Backes said:
"Before building Kaplan had the lots surveyed and the house on lot in question was put within the line of the survey. At that time the defendants lived next door, saw the erection going on and made no objection. Kaplan and the defendant were of the belief that the house was within his lot. They all were ignorant of the true situation."
This language is peculiarly applicable to the present issue. It is significant in this cause that no objection to this encroachment was made by complainant or on her behalf until it was apparent that her brother's interests in the property were about to be divested by the sheriff's sale, and in view of the fact that the complainant is also an obstructor of the driveway, it is apparent that she does not come into court with clean hands. Under these circumstances she is entitled to no relief whatever in this court with respect to the driveway, and as to the encroachment of the garage she will be left to her remedy at law, if any. The bill will be dismissed, with costs.